IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-00110-F-1
No. 7:13-CV-00060-F

| | | |
|---|---|---|
| ZEBEDEE LEROY JONES, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-50] Zebedee Leroy Jones' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-41, DE-44].[1] The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED.

**Factual and Procedural Background**

On November 6, 2003, Jones was charged in a two-count indictment. *See* Indictment [DE-1]. A two-count superseding indictment was filed on August 4, 2004. *See* Superseding Indictment [DE-3]. On February 22, 2006, Jones was charged in a two-count second superseding indictment. *See* Second Superseding Indictment [DE-15]. In Count One, Jones was charged with conspiracy to distribute 100 grams or more of heroin, pursuant to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Count Two charged Jones with distribution of heroin, in violation of 21 U.S.C. § 841(a)(1).

Jones' arraignment was held on June 12, 2006. At his arraignment, Jones pled guilty to

---

[1] Jones' initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-41], which was received on April 2, 2013. At the court's direction, Jones filed a "conforming" motion [DE-44] on April 16, 2013.

Count One of the Second Superseding Indictment, pursuant to a written plea agreement [DE-21].

On October 19, 2006, the court held Jones' sentencing hearing. The court sentenced Jones to 210 months' imprisonment. *See* Judgment [DE-28]. Jones did not appeal his conviction or sentence.

The court received Jones' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-41, DE-44] on April 2, 2013. In his § 2255 motion, Jones argues that he is entitled to relief on the following grounds: (1) his attorney provided him with ineffective assistance of counsel in several respects; (2) the evidence was insufficient to support his conspiracy conviction; and (3) the court violated Rule 11(b)(3) of the Federal Rules of Criminal Procedure by failing to ensure that a sufficient factual basis supported his plea.

The Government has filed a Motion to Dismiss [DE-50] Jones' § 2255 motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the Government argues that dismissal is warranted because Jones' motion is untimely; Jones' claims have been procedurally defaulted; Jones' ineffective assistance of counsel claim does not satisfy *Strickland v. Washington,* 466 U.S. 668 (1984); and Jones waived his right to collaterally attack his sentence.

## Legal Standards

### I. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United*

2

*States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## II. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## Discussion

### I. Jones' Motion to Vacate is Time-Barred.

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act

3

("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

In this case, Jones' Judgment [DE-28] was entered on October 19, 2006, and he filed the instant § 2255 motion on March 20, 2013, at the earliest.[2] Thus, Jones filed his § 2255 motion well beyond this one-year period. For this reason, Jones has not shown that his motion is timely under § 2255(f)(1). Additionally, Jones does not allege that governmental action impeded his ability to file his § 2255 motion. Thus, Jones' § 2255 motion is not timely under § 2255(f)(2).

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Jones dated his signature on the § 2255 motion as March 20, 2013. [DE-41 at 6.]

Jones' argues that his § 2255 motion is timely under § 2255(f)(3). [DE-41 at 6; DE-58 at 2.] Specifically, Jones contends that the precedents set forth in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012) are retroactively applicable to his claims on collateral review. [DE-44 at 11.] Even if Jones could show that the precedents established by the Supreme Court in these two cases were somehow applicable to his claims, the Supreme Court has not held that either *Lafler* or *Frye* established a new right that is retroactively applicable to cases on collateral review.³ *See In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 878-80 (7th Cir. 2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re Arras*, No. 12-2195, 2012 WL 7656637, at *1 (10th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012). Accordingly, Jones' § 2255 motion is not timely under § 2255(f)(3).

Jones also argues that his motion is timely pursuant to § 2255(f)(4). [DE-44 at 11; DE-58 at 2.] Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims could have been discovered through the exercise of due diligence. "Whether due diligence has been exercised is a fact-specific inquiry unique to each case." *United States v. Crawley*, No. 3:07CR488, 2012 WL 32402, at *2 (E.D.Va. Jan. 5, 2012) (citing *Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000)). A petitioner bears the burden of proving he exercised due diligence. *Haynes v. United States*, No. 2:90cr105, 2014 WL 1051370, at *5 (March 17, 2014). Due diligence does not require a petitioner to engage in repeated exercises of futility or to exhaust every conceivable option. *Anjulo-Lopez v. United States*, 541

---

³In *Lafler* and *Frye*, the Supreme Court recognized the right to "effective counsel during plea negotiations." *Frye*, 132 S.Ct. at 1407-08; *accord Lafler*, 132 S.Ct. at 1384.

F.3d 814, 818 (8th Cir. 2008) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence does, however, require that a petitioner make reasonable efforts to discover the facts supporting his claims. *Id.* (citing *Aron*, 291 F.3d at 712).

Jones argues that he did not receive a copy of the transcript from his plea hearing until sometime in September 2012, and it was not until he had time to review his transcript that he discovered that the Government failed to offer a factual basis to support his guilty plea. [DE-58 at 2.] The transcript Jones references merely reflects the events which transpired at his Rule 11 hearing held on June 12, 2006. Because these facts were available to Jones on June 12, 2006, his motion is not timely under (f)(4).

In sum, Jones' § 2255 motion was not filed within one year of any of the circumstances described in § 2255(f). Thus, Jones' motion is time-barred.

## II. Jones is Not Entitled to Equitable Tolling.

Although not crystal clear, Jones appears to argue that he is entitled to equitable tolling. [DE-44 at 11; DE-58 at 10.] Specifically, Jones contends that his motion should be deemed timely because he was under the mistaken belief that he had waived his right to appeal and collaterally attack his sentence and conviction. [DE-44 at 11.]

Equitable tolling is available only in "'those rare instances where–due to circumstances external the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order to be entitled to equitable tolling, the movant must show: (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *See Holland v. Florida*, 560

6

U.S. 631, 649 (2010).[4] In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from making a timely filing. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

The court finds that Jones' mistaken belief that he had waived all rights to appeal and collaterally attack his sentence and conviction is not an "extraordinary circumstance" beyond his control that prevented him from making a timely filing. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); *Rouse*, 339 F.3d at 248-50 (same); *Sosa*, 364 F.3d at 512 (ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy or *pro se* status does not toll the limitations period). Accordingly, Jones has failed to show he is entitled to equitable tolling.

### III. Jones' Claims are Waived.

Even if Jones' claims were not time-barred, they have been waived. A "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting

---

[4]Although *Holland* concerned a state prisoner's federal habeas action under § 2254, the Fourth Circuit has applied its rationale to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States,* No. DKC 03-0539, 2011 WL 3511078, at *15 n.17 (D.Md. Aug. 9, 2011) (citing *United States v. Terrell,* No. 10-6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi,* No. 08-8224, 394 Fed. Appx. 976, 977-78 (4th Cir. 2010)).

7

*Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

> Jones' plea agreement with the Government contained the following waiver provision:
>
> To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-21] at 2. At Jones' Rule 11 hearing, the prosecutor read the terms of the plea agreement into the record. (June 12, 2006 Hearing [DE-40] at 21-25.) After Jones, who was under oath, confirmed the substance of this agreement, the court explained to him that his plea agreement had a provision by which he waived collateral review of his conviction and sentence, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct not know to him at that time. *Id.* at 25-26. Again, Jones, who was under oath, confirmed his understanding of this waiver provision. *Id.* at 26.

Based on Jones' sworn statements at the Rule 11 hearing, the court finds that his waiver was both knowing and voluntary. Moreover, even if it were not, Jones is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")

As noted above, Jones has presented three claims in his § 2255 motion. In his first claim,

8

Jones argues that his attorney provided him with ineffective assistance of counsel in the following respects: (1) his attorney erred by failing to argue that the facts in his case were insufficient to support his plea to the conspiracy charge; (2) his attorney erred by failing to pursue any other favorable plea agreement with the Government; and (3) his attorney erred by failing to object to the court's violation of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. [DE-44 at 4.] These issues were known to Jones at the time he entered his guilty plea. Accordingly, Jones' first claim has been waived.

In Jones' second claim, he argues that the evidence was insufficient to support a conviction for conspiracy. [DE-44 at 5.] Jones argues in his third claim that the court violated Rule 11(b)(3) of the Federal Rules of Criminal Procedure by failing to ensure that a sufficient factual basis supported his plea. *Id.* at 7. Because Jones' second and third claims do not involve claims of ineffective assistance of counsel and prosecutorial misconduct not known to Jones at the time of his guilty plea, they, too, have been waived.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-50] is ALLOWED, and Jones' § 2255 motion [DE-41, DE-44] is DISMISSED. The court concludes that Jones has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 22 day of September, 2014.

_James C. Fox_
James C. Fox
Senior United States District Judge

9

Case 7:03-cr-00110-F   Document 60   Filed 09/22/14   Page 9 of 9